UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:26-cr-00199 |
| v. | ) | |
| | ) | |
| ALEXANDER L. STROHMEYER | ) | |

**UNITED STATES' MOTION FOR DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT**

COMES NOW the United States of America, by and through Braden H. Boucek, United States Attorney, and Carlin C. Hess, Assistant United States Attorney, and hereby moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law dictates that "[t]he judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community " upon motion of the attorney for the Government in a case that involves a serious risk that the defendant will flee or a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2). The twelve-count indictment in this case alleges that the defendant threatened to murder former federal officials and their immediate family members with the intent to retaliate against the officials for the performance of their official duties, in violation of 18 U.S.C. § 115(a)(2). As such, the Government is statutorily entitled to a detention hearing upon so moving, and the Court should set one as soon as practicable.

At the detention hearing, in determining whether there are conditions of release that will reasonably ensure the Defendant's appearance while also addressing the safety of the community, the Court must consider several factors as required by 18 U.S.C. § 3142(g), including, but not limited to, the nature and circumstances of the offense, the weight of the evidence, the Defendant's

past conduct, the Defendant's history relating to drug or alcohol abuse, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Government expects the proof to demonstrate that the defendant communicated threats to murder three former federal officials and the immediate family members of two of those officials, as retaliation for the officials' performance of their official duties during their terms of federal service. The Government submits that, based upon the 18 U.S.C. § 3142(g) factors that the Court must consider, no conditions or combination of conditions…will reasonably assure…the safety of any other person and the community, 18 U.S.C. § 3142(f), should the Court not detain the Defendant pending trial.

The Government expects the proof to show further that the defendant lacks ties to the district, abuses drugs, and is a danger to himself, and therefore presents a serious risk of nonappearance, should the Court not detain the Defendant pending trial.

Wherefore, the United States moves this Court to set a detention hearing and for a continuance of three days to prepare for the detention hearing.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney

By:

*<u>/s/ Carlin C. Hess</u>*
CARLIN C. HESS
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, TN 37203
(615) 736-5431
Carlin.hess@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the United States District Court Clerk via CM/ECF, which will send a Notice of Filing to all attorneys of record, on August 21, 2026. If Defendant retains, or is appointed, an attorney, I hereby certify that I will forward this motion to said attorney forthwith.

*/s/ Carlin C. Hess*
CARLIN C. HESS