**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Case No. 3:26-cr-00199** |
| **v.** | ) | **Magistrate Judge Evans** |
| | ) | ***Detention Hearing*** |
| **ALEXANDER L. STROHMEYER** | ) | |

## ***RESPONSE*** **OF DEFENDANT ALEXANDER L. STROHMEYER TO THE GOVERNMENT'S "MOTION FOR DETENTION HEARING AND DETENTION" WITH INCORPORATED MEMORANDUM OF LAW**

***(The Government Will Not Satisfy Its Burden to Prove That The Release of Alexander Strohmeyer Presents an Unmitigable Threat to Any Person or Public Safety by Clear and Convincing Evidence)***

**COMES NOW** the Defendant, **Alexander L. Strohmeyer,** by and through his undersigned counsel, and hereby *responds* to the government's *Motion for Detention Hearing and Detention*. (Docket Entry 10).

### Introduction

Defendant Alexander L. Strohmeyer was originally charged, via *Criminal Complaint*, with violations of 18 U.S.C. § 115(a)(1) [threats to murder three former supervisory "federal officials" serving in the United States Attorney's Office for the Middle District of Tennessee] and 18 U.S.C. § 875(c), threatening interstate communications [allegedly directed at a former coworker in the U.S. Attorney's Office with whom he shared a particularly close personal relationship.] (Docket Entry 3).

At the time the *Criminal Complaint* was issued by this Court, Mr. Strohmeyer was living and working as a lawyer in Denver, Colorado. He was arrested on August 3, 2026 in Denver and has been held in pretrial detention since that date. *See* District of Colorado Case No. 1:26-mj-00157-STV. Mr. Strohmeyer waived his rights under Fed.R.Crim.P. 5 & 5.1, and was committed to this District. However, U.S. Probation, Pretrial Services, District of Colorado, prepared a

*Pretrial Services Report* which recommended release on conditions. *See* District of Colorado Case No. 1:26-mj-00157-STV, DCO Docket Entry 10. U.S. Probation, Pretrial Services, MDTN, is in possession of the favorable DCO Pretrial Services Report.

On August 19, 2026, a panel of the federal grand jury in the Middle District of Tennessee returned a twelve-count indictment alleging threats to three of Mr. Strohmeyer's former supervisors in the United States Attorney's Office occurring at different times between September 29, 2024, and June 27, 2026. (Docket Entry 8). Although Mr. Strohmeyer's former close personal colleague in the United States Attorney's Office for the Middle District of Tennessee was named as a victim in the Criminal Complaint, that person is not included in any count of the above-captioned indictment.

**Background**

Significant to the question of release is that the alleged threats in this case were not made directly to any former supervisor named in the twelve-count indictment. As noted above, Mr. Strohmeyer had an extremely close, personal relationship with a colleague at the U.S. Attorney's Office. They could be characterized as "best friends" who spoke daily, in person when they worked together, and by phone and text after Strohmeyer left the United States Attorney's Office. Embedded in these very personal communications are the alleged threats to Strohmeyer's former supervisors. A review of the indictment reveals that the first alleged series of threats began on or about September 29, 2024 and continued, intermittently, until June 27, 2026, a period of almost two years. *Indictment*. (Docket Entry 8). According to the Criminal Complaint, it was not until on or about July 22, 2026, that Mr. Strohmeyer's former colleague and friend contacted local law enforcement in Williamson County, to allege that she had been threatened. *Criminal Complaint,* Docket Entry 3, Page ID# 5. Evidently, the colleague was aware of the threats to Strohmeyer's

federal supervisors for almost two years and never reported to law enforcement that the supervisors were then and there in personal jeopardy.

**Detention**

Prior to Strohmeyer's Initial Appearance in this District, the government filed a Motion for a Detention Hearing and for Detention. (Docket Entry 10). The government has requested that Alexander Strohmeyer be detained pursuant to the *Bail Reform Act*, 18 U.S.C. § 3141, *et seq*., broadly arguing that under Section 3142(e), no condition or combination of conditions will reasonably assure the appearance of Strohmeyer as required and the safety of any other person and the community because of alleged threats. However, context is important. These "threats" were articulated in private, personal conversations, only communicated to the putative federal law enforcement victims two years after the threats were made, presumably to validate and enhance the former colleague's own allegations.

**Legal Standard**

"The default position of the law…is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to 18 U.S.C. § 3142, a defendant may be detained pending trial only if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The government bears the burden of persuasion, and any finding of dangerousness must be supported by clear and convincing evidence. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Clear and convincing evidence is not nothing. It is a "high burden." *See Gammons v. Adroit Med. Sys., Inc.,* 91 F.4 820, 828 (6th Cir. 2024). Clear and convincing evidence requires a firm belief or abiding conviction that what is alleged is highly probable. *United States v. Beard*, No. 1:21-MJ-02082, 2021 WL 111240, at *5 (N.D. Ohio Mar. 23, 2021). The

weight of the evidence goes only to the likelihood that the person charged will pose a danger to the community or a risk of flight and is not a pretrial determination guilt. *Stone*, 608 F.3d at 948. In weighing the strength of the evidence the court may not modify or limit the person's presumption of innocence. 18 U.S.C. § 3142(j).

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095, 95 L.Ed. 2d 697 (1987).

## Discussion

### *Private Personal Communications Including Threats Against Third Parties Never Intended to be Made Public Does Not Equal Dangerousness that Cannot be Adequately Addressed with Appropriate Conditions of Release*

Importantly, alleged violations of 18 U.S.C. § 115(a)(1) do not trigger the rebuttable presumption of detention under the *Bail Reform Act*. Although a violation of 18 U.S.C. § 115(a)(1) may constitute a "crime of violence," it does not fall within the specific list of categories under 18 U.S.C. § 3142(f)(1).

Detention decisions depend on the individual circumstances of each case and each person. *United States v. Marroquin-Ramirez*, No. 5:25-CR-125 (AGB), 2025 WL 1248652, at *3 (N.D.N.Y. Apr. 17, 2025). The magistrate judge has broad discretion to determine how much weight to assign the factors listed in § 3142(g) based on the circumstances of a particular case.

> Although § 3142(g) of the *Bail Reform Act* lists various factors to consider, it says nothing about the relative weight a court should give them when deciding whether to release or detain a defendant….That silence is unsurprising, because the weight given to each factor will inevitably vary from case to case, and might even vary depending on whether the inquiry relates to a defendant's danger or to his risk of flight. What is more, certain factors might interact with one another in a particular case in a way that alters a court's analysis of a defendant's danger to the community or flight risk.

*United States v. Zhang*, 55 F.4th 141, 149-50 (2d. Cir. 2022).

Alexander Strohmeyer is a 38-year-old attorney, who intends to live with his father at his father's home in Vermont, 1,100 miles north of Nashville, until the trial of this case. Mr. Strohmeyer has no prior criminal history.

**Available Conditions of Release**

The *Bail Reform Act* provides a range of conditions that can mitigate any potential risk posed by Alexander Strohmeyer including home detention, location monitoring, restrictions on travel, curfew, prohibitions on firearm possession, and living with his third-party-custodian, father at the family home in Vermont. Using the *Pretrial Risk Assessment (PTRA)* tool, the District of Colorado found Strohmeyer to be in the lowest risk category, "Category 1." PTRA Category 1 reflects that "pretrial defendants who fall in this category have an approximate 95% likelihood of success when released with minimal conditions." The District of Colorado recommended release of Strohmeyer on the following conditions: unsecured bond of $10,000; third party custodianship; supervision by U.S. Pretrial Services; employment (if appropriate); no contact with victims or witnesses; participation in medical, psychiatric, mental health treatment; no firearms; no alcohol; no drugs.

Given the unusual nature of the long-hidden threats to those generically identified in the indictment, Strohmeyer's lack of criminal history, the imposition of all of the strict conditions suggested here (and previously endorsed by the District of Colorado) are more than sufficient to address any concerns regarding dangerousness. There is no suggestion that Alexander Strohmeyer poses a risk of flight. Respectfully, the mandatory and suggested stringent release conditions will reasonably ensure the safety of the alleged victims and the safety of the public in general in this case.

Respectfully submitted,

TUNE, ENTREKIN & WHITE, P.C.
Capitol View
500 11th Avenue North, Suite 600
Nashville, TN 37203
(615) 244-2770
pstrianse@tewlawfirm.com

BY: */s/ Peter J. Strianse*
PETER J. STRIANSE
Attorney for Defendant Strohmeyer

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system, and sent via email to the following:

Gregory D. Allen
Lead HSTF Attorney
Deputy Criminal Chief
U.S. Department of Justice | Western District of Tennessee
167 N. Main Street, 8th Floor
Memphis, Tennessee 38103
Gregory.Allen@usdoj.gov

Lauren Delery
Assistant United States Attorney
Western District of Tennessee
Lauren.Delery@usdoj.gov

Kimberly Haney
Supervisory U.S. Probation Officer
Middle District of Tennessee
Kimberly_Haney@tnmp.uscourts.gov

Sarah Dixon Russell
Courtroom Deputy
U.S. District Court
Middle District of Tennessee
Sarah_Dixon@tnmd.uscourts.gov

This 27th day of August, 2026

*/s/ Peter J. Strianse*
PETER J. STRIANSE