UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER STROHMEYER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-cr-00199<br><br>JUDGE CRENSHAW |

---

GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER

---

The United States, through D. Michael Dunavant, United States Attorney for the Western District of Tennessee, and Assistant United States Attorneys Lauren J. Delery and Gregory Allen, hereby moves, pursuant to Fed. R. Crim. P. 16(d)(1), for a protective order. In support of this motion, the United States represents as follows:

1. Federal Rule of Criminal Procedure 16(d)(1) provides, in pertinent part, that, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." And it is settled that trial courts maintain significant flexibility in employing protective orders which restrict the use of materials produced in discovery. *See Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect."); *United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (observing that defendants "have no right to extended independent review of [Jencks Act] materials in the privacy of their cells"); *United States v.*

*Salemme*, 978 F. Supp. 386, 389-90 (D. Mass. June 26, 1977) (limiting dissemination of discovery materials to certain authorized individuals).

Moreover, trial courts routinely tailor protective orders to limit the dissemination of discovery to minimize the risks that dissemination of such information poses to the safety of potential witnesses. *See*, *e.g.*, *United States v. Dent*, No. SACR 16-00029(B)-CJC, 2017 WL 1025162, at *3-5 (C.D. Cal. Mar. 15, 2017) (declining to lift protective order preventing counsel from providing copies of discovery to defendant for defendant's retention where government showed that potential dissemination of such discovery posed a threat to witnesses and their families); *United States v. Johnson*, 191 F. Supp. 3d 363, 369-371 (M.D. Pa. May 11, 2016) (declining to rescind protective order in part to protect cooperating witnesses and confidential investigative techniques); *United States v. Palmer*, No. 10 Cr. 910(JSR), 2011 WL 672412, at *1 (S.D.N.Y. Feb. 14, 2011) ("[Jencks material] is often copied, passed around prisons throughout the country, and used to retaliate against cooperators.") (citations omitted); *United States v. Barbeito*, No. 2:09-cr-00222, 2009 U.S. Dist. LEXIS 102688, at *7-8 (S.D. W. Va. Oct. 30, 2009) ("It is appropriate . . . to employ Rule 16(d) protective orders to curtail the public dissemination of sensitive discovery materials that may endanger witnesses or informants.").

2. On March 18, 2026, Defendant Strohmeyer was charged by Indictment with twelve counts of violating 18 U.S.C. § 115(a)(2), threatening three former federal officials and their immediate families with intent to retaliate against the former officials for the performance of their official duties (D.E. 8).

3. The discovery in this case consists of law enforcement reports, evidence from phone extractions, text and email threads, photographs, videos, and witness statements. These

materials (the Protected Material) contain personal identifying information of victims and potential government witnesses.

4. The United States has serious concerns that if the defendant in this case is provided with copies of these materials to retain for himself, these materials could be used in the intimidation of, or further retaliation against, victims and potential government witnesses.

5. Accordingly, the United States will identify the protected materials by labeling them “DO NOT DISSEMINATE”.

6. The United States respectfully requests that the Court enter a protective order that treats the discovery as sensitive and prohibits the unauthorized disclosure of those materials and any information contained therein to non-litigants.

7. The United States further requests that the protective order permits defense counsel to review the discovery with his client but prohibits defense counsel from providing the defendant, or anyone associated with the defendant, with copies of the materials.

8. The United States requests leave of the Court to supplement the discovery under this protective order, should the need arise during the course of discovery and trial preparation.

9. The United States is willing to discuss any specific material with defense counsel if the defense believes materials should not qualify as protected pursuant to the protective order. The defendant reserves the right to challenge materials once the United States has specifically identified the category within which particular materials fall. However, the parties agree that they will first attempt to resolve any issues related to this protective order before filing motions with the Court.

10. Undersigned counsel has spoken with counsel who represents the above-captioned defendant. Counsel agrees to the proposed order.

11. Accordingly, the United States respectfully requests that the Court enter the proposed protective order attached hereto.

Respectfully submitted,

D. MICHAEL DUNAVANT
United States Attorney

By: */s/ Lauren J. Delery*
Lauren J. Delery
Assistant U.S. Attorney
United States Attorney's Office, WDTN

**CERTIFICATE OF CONSULTATION**

I, Lauren J. Delery, Assistant United States Attorney for the Western District of Tennessee, hereby certify that on September 4, 2026, I conferred via telephone with Peter Strianse, counsel for Defendant, who confirmed that he agrees to the relief sought in this motion.

*/s/ Lauren J. Delery*
Lauren J. Delery
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Lauren Delery, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the court's electronic filing system to counsel for the defendant.

This the 23rd day of September, 2026.

*/s/ Lauren J. Delery*
Lauren J. Delery
Assistant United States Attorney