**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER STROHMEYER,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-cr-00199 |

**<u>PROTECTIVE ORDER REGARDING DISCOVERY</u>**

Upon a motion by the United States, (Doc. No. 30), the Court concludes that discovery would be facilitated by a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

1. <u>Definition of Discovery Material</u>. This order shall govern the above-named defendant's rights and obligations with respect to the following items received by the defendant from the United States in criminal discovery in the above-captioned case (the "Protected Material"): information that contains the personal identifying information of victims and potential witnesses and is labeled "Do Not Disseminate".

2. <u>Disclosure of Protected Material to Authorized Persons</u>. The defendant shall not disclose Protected Material to any person except Authorized Persons as listed below:

   a. The Parties and counsel for the Parties;

   b. Any person retained by counsel to assist in the preparation, trial, or appeal of this criminal action (or any collateral civil matter arising directly from this criminal action), including their consultants, agents, experts, and investigators. With respect to such persons, (i) Protected Material shall be disclosed to the person only to the extent necessary to perform the work for

which the person was retained; and (ii) the person shall not retain Protected Material after his or her work related to this criminal action has concluded;

c. Any person whose testimony was or will be taken in this action. With respect to such persons: (i) Protected Material shall be disclosed to the person only in preparation for, during, or in review of the person's testimony; and (ii) the person shall not retain Protected Material after his or her testimony has concluded; and

d. The Court and any persons employed by it working on this matter.

For clarity, disclosure to a cloud service or other similar type vendor for the purpose of electronic file backup is not considered an unauthorized disclosure as long as reasonable measures are taken to ensure the confidentiality and security of the backup files.

3. Review of Protected Material. Neither the defendant, nor anyone associated with the defendant, shall receive a physical copy of the Protected Material. The materials may be retained by members of the defendant's legal defense team, which includes experts, consultants, and investigators hired by the defense. Other Authorized Persons, such as a testifying witness, may be shown the Protected Material, but not given a physical copy.

4. Reviewing Protected Material with Defendant. While defense counsel may not provide Protected Material to the defendant, nothing in this order prevents defense counsel from reviewing Protected Material with the defendant.

5. Notice Prior to Disclosure. Before any disclosure to an Authorized Person listed above (other than the Court), the defendant shall inform that person of this order and its effect and provide the person with a copy of the order. The defendant shall further direct the person not to

disclose any Protected Material and that any unauthorized disclosure may be punished as contempt of court.

6. Reproduction of Protected Material. Any copies or reproductions of Protected Material are considered Protected Material and shall be treated in the same manner as the original material.

7. Limitation of Use of Protected Material. Nothing in this order shall limit Protected Material from being used in pretrial proceedings, motions and briefs, trial and other proceedings in this litigation. However, copies of Protected Material must still not be provided to the defendant.

8. Protected Material in Court Papers. Nothing in this order limits the application of Fed. R. Crim. P. 49.1 (regarding privacy protections for court filings) for any filings made with the Court.

9. Use of Protected Material at Trial. The admissibility, confidentiality, and use of all Protected Material at trial shall be subject to further order of the Court; the Federal Rules of Criminal Procedure, including but not limited to Fed. R. Crim. P. 49.1; and the Federal Rules of Evidence.

10. Modification of Order. The terms of this order, including the categories of items that constitute Protected Material, are subject to modification, extension, or limitation as may be agreed to by all Parties or by order of the Court, upon motion or request for a discovery conference by any party. Failure to initially object to this initial Motion for Protective Order shall not be considered a waiver or forfeiture of any subsequent objections.

IT IS SO ORDERED.

Waverly D. Crenshaw, Jr.

Waverly D. Crenshaw, Jr.
United States District Judge